# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MILTON MITCHELL, | ) |
| Petitioner, | ) |
| v. | ) CV417-108 |
| GLEN JOHNSON, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Sentenced to life imprisonment in 1984 for robbery, rape, and assault, Milton Mitchell petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Though it is unclear precisely on what date he was sentenced, Mitchell began serving his sentence February 6, 1984. *See* http://www.dcor.state.ga.us/GDC/Offender/Query. He did not appeal, and he did not seek state habeas relief until "about ten years ago" (doc. 1 at 8) -- relief which was summarily denied. *See* doc. 1 at 3 & 8.

Mitchell must have been sentenced sometime around the beginning of his incarceration on February 6, 1984. Because he was sentenced prior to the passing of the Anti-Terrorism and Effective Death Penalty

Act (AEDPA) (which was effective as of April 24, 1996), his one-year deadline didn't fall a year after sentencing.  28 U.S.C. § 2244(d)(2) (requiring petitions to be filed within one year after their convictions became final).  Instead, he was required to file any habeas petition by April 24, 1997 -- "one year from the date of enactment" of the AEDPA. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (citing *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (prisoners whose convictions became final before AEDPA's effective date must file their petition "within a reasonable time -- within one year from AEDPA's effective date.")).  His state habeas petition was filed "about ten years ago" -- decades too late.[1]  And since that the one-

---

[1]  Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Mitchell, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing.  He explains that the "newly discovered evidence" that "there are no minutes of the grand jury proceedings, maken [*sic*] of the indic[t]ment in open court and the oath given to the grand jury required by law code and due process" -- rendering the entire proceedings "illegal" and "fraud[ulent]" -- excuses the thirty year delay in seeking federal habeas relief.  Doc. 1 at 9.  But (whichever of his six convictions he contends were so deficient) that information has been available at least since the indictments for his various crimes were issued in 1982 and 1983.  There is no indication petitioner has diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition

year clock has run out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Accordingly, Milton Mitchell's § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

in this Court prior to the expiration of the one-year deadline. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 F. App'x at 624.

3

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __30th__ day of June, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA