UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MILTON MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-108 |
| | ) | |
| GLEN JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Milton Mitchell petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. That petition was denied as untimely on initial screening, docs. 5 & 7, but remanded upon appeal for further development of the record. Doc. 12 (mandate of the Eleventh Circuit). The Government moves to dismiss the petition as successive, noting that this Court has previously denied relief in *Mitchell v. Smith*, CV400-067 (S.D. Ga. July 2001). Doc. 16. The Government is correct.[1] Because

---

[1] Petitioner concedes that he did indeed file an application for habeas review "in a timely manner many years ago" but asserts that he never received a ruling. Doc. 17 at 2. Petitioner is lying. *See* CV400-067, docs. 8 (report and recommendation (R&R) denying habeas relief), 10 (Mitchell's objection to the R&R), 11 & 12 (order adopting R&R), 15 (Mitchell's appeal to the Eleventh Circuit), 17 (Order of the Eleventh Circuit affirming denial of habeas relief).

petitioner has neither sought nor received permission from the Eleventh Circuit to pursue a successive § 2254 petition, this Court lacks jurisdiction to consider it.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Because (1) this is Mitchell's second § 2254 petition, and (2) he never sought permission from the court of appeals before filing, "this Court is not at liberty to consider it." *Id.* Accordingly, his petition should be **DISMISSED**. Further, because it is "indisputably time-barred," *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 199), even

construing petitioner's application as a motion for § 2244(b)(3)(A) authorization, transfer to the Eleventh Circuit for consideration is unwarranted.  28 U.S.C. § 2244(b)(3)(A) & 28 U.S.C. § 1631.

Petitioner was sentenced to 35 years' imprisonment for armed robbery and aggravated assault with intent to rape in 1984, and moved for state habeas relief over a decade later on April 9, 1997.  CV400-067, doc. 8 at 2 (he was sentenced to fifteen years for aggravated assault with intent to rape on January 12, 1984 and twenty years for armed robbery on February 14, 1984).  After an evidentiary hearing in 1998, habeas relief was denied on the merits on February 8, 1999.  *Id*.  The Georgia Supreme Court denied petitioner's application for discretionary appeal initially and on reconsideration in January and February 2000.  *Id*.  Petitioner filed his first motion for federal habeas relief a month later, which was denied on the merits and affirmed on appeal in 2001.  CV400-067 at docs. 12 & 17.  Nothing in this now-developed record, doc. 12 (mandate of the Eleventh Circuit remanding for further development to determine timeliness) changes the Court's prior finding that his instant petition is untimely.  *See* docs. 5 & 7.

Because Mitchell was sentenced prior to the passing of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (which was effective as of April 24, 1996), his one-year deadline didn't fall a year after sentencing.  28 U.S.C. § 2244(d)(2) (requiring petitions to be filed within one year after their convictions became final).  Instead, he was required to file any habeas petition by April 24, 1997 -- "one year from the date of enactment" of the AEDPA. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (citing *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (prisoners whose convictions became final before AEDPA's effective date must file their petition "within a reasonable time -- within one year from AEDPA's effective date.")).

He timely filed his state petition on April 9, 1997, and the limitations period was thus tolled under § 2244(d)(2) until he had a final decision on his petition -- back in 2000.  When Mitchell filed his first motion for federal habeas relief a month later, approximately eleven months remained on his federal clock.  And when the district court dismissed his petition back in 2001, that time remained available.  He thus had "ample time to seek from [the Court of Appeals] the

4

§ 2244(b)(3) authorization and refile his § 2254 application, prior to the [ ] expiration of the limitations period, had he chosen to do so." *Guenther*, 173 F.3d at 1331.  His filing of this application, nearly two decades later, is clearly untimely.  Transfer to the Eleventh Circuit for consideration of his reconstrued petition is thus unwarranted.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[2]  Petitioner, of course, may independently apply for authorization to file a successive petition, and with this Court's jurisdiction thus invoked, he may return to the Southern District at that time.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___24th___ day of May, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA